IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| RAY STUART GARCIA, #1232344 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-389 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## OPINION AND ORDER

On February 9, 2009, Ray Stuart Garcia, a Texas prisoner, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Contemporaneously, Garcia filed his "Request to Hold Title 28 U.S.C. §2254 Federal Writ of Habeas Corpus in Abeyance Pending Resolution of Material Fact Issues in the Lower District and Highest Court of Criminal Appeals." According to Garcia, his state writ application was denied by the Texas Court of Criminal Appeals on November 26, 2008, without Garcia having been given a full and fair enough hearing by the State District Court. Garcia, therefore, applied for a Writ of Mandamus from the Texas Court of Criminal Appeals ordering the District Court to rehear his habeas case and give it the full consideration to which, in Garcia's view, it was originally entitled. Garcia now wants to abate this case until the state courts take further action on his state habeas petition.

Following the enactment of the Anti-Terrorism and Effective Death Penalty Act, the United States Supreme Court has approved the District Court's authority to stay and abate a "mixed" federal habeas application to permit exhaustion of any unexhausted claim, but only in limited cases because the procedure undermines AEDPA's goal of streamlining federal habeas proceedings. Rhines v. Webber, 544 U.S. 269, 277 (2005)   In Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002), the Fifth Circuit held that a mandamus application, similar to the one filed in this case,

seeking "an order directing the trial court to perform its duty" was not "other collateral review" resulting in a statutory tolling of the federal limitations period. Technically, of course, Garcia is seeking further "review" of his state court petition through the extraordinary remedy of mandamus. However, under Texas law, a party seeking mandamus must show that the act sought to be mandated is a ministerial act, as opposed to a discretionary one, and that there is no other adequate remedy available. <u>Washington v. McSpadden</u>, 676 SW2d 420, 422 (Tex. Crim. App. -- 1984)   In the instant case, the Texas Court of Criminal Appeals apparently believed it had before it a sufficient record to reject Garcia's state petition without ordering further development of the merits by the trial court. Moreover, Garcia has an adequate remedy to challenge the state courts' determinations: his federal habeas petition. Accordingly, it appears to this Court that Garcia has exhausted his state court remedies and the federal court should, therefore, proceed without delay to consider the merits of his federal petition.

It is, therefore, the **ORDER** of this Court that the "Request to Hold Title 28 U.S.C. § 2254 Federal Writ of Habeas Corpus in Abeyance Pending Resolution of Material Fact Issues in the Lower District and Highest Court of Criminal Appeals" (Instrument no. 2) of Ray Stuart Garcia is **DENIED**.

**DONE** at Galveston, Texas, this ____4th____ day of March, 2009.

John R. Froeschner
United States Magistrate Judge

2